UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT AMBRIDGE,

    Plaintiff,

vs.                             CASE NO.: 8:14-cv-1212-EAK-TBM

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This cause is before the Court on Plaintiff's Motion to Remand (Doc. 9), and Defendant's Response in Opposition to Plaintiff's Motion to Remand (Doc. 13). For the reasons set forth below, Plaintiff's Motion to Remand is **DENIED**.

## RELEVANT PROCEDURAL HISTORY

Robert Ambridge ("Plaintiff") filed his Complaint (Doc. 2), against Wells Fargo Bank, N.A. ("Defendant") in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, on or about April 6, 2014. Plaintiff alleges sex, age, and disability discrimination in violation of the Florida Civil Rights Act ("FCRA"). (Doc. 2). The Complaint alleges only that the damages sought exceed the state court's jurisdictional minimum of $15,000.00. (Doc. 2). Plaintiff is seeking "[c]ompensation for lost wages, benefits, and other remuneration; [r]einstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the

1

alternative, front pay; [c]ompensatory damages, including emotional distress, allowable at law; [p]unitive damages; [p]rejudgment interest on all monetary recovery obtained; [and] [a]ll costs and attorney's fees incurred in prosecuting these claims." (Doc. 2). On May 22, 2014, Defendant removed the case to this Court on the basis of the Court's diversity jurisdiction. (Doc. 1). On June 20, 2014, Plaintiff filed a Motion to Remand, arguing the Defendant has failed to show the amount in controversy exceeds the jurisdictional minimum for District Court. (Doc. 9). On July 10, 2014, Defendant filed a Response in Opposition to Plaintiff's Motion to Remand, arguing the amount in controversy "well exceeds the jurisdictional threshold." (Doc. 13).

## STANDARD OF REVIEW

Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." U.S.C. § 1441(a). The Court's original jurisdiction in this case is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), which authorizes federal jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

The party seeking removal carries the burden of establishing federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Where damages are not specified in the complaint, such as in this case, "the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). The preponderance of the evidence standard is "'[a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt,

is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Id.* (citing *Black's Law Dictionary* 1220 (8th ed. 2004)). The preponderance of the evidence standard does not require a removing party to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

When determining if an unspecified amount in controversy is met, the Court may look beyond the complaint to "evidence relevant to the amount in controversy at the time the case was removed." *Id.* Additionally, the Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" when determining if the amount in controversy is met. *Id.* Deductions combined with factual allegations supported by evidence do not amount to speculation. *Id.* Further, courts may use judicial "experience and common sense in determining" the amount in controversy. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). However, because the removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## DISCUSSION

Diversity of citizenship between the parties is not disputed. The issue before the Court is whether the Defendant has shown that the amount in controversy more likely than not exceeds $75,000.00. Although the Complaint alleges only that the damages sought exceed the minimum jurisdictional threshold for state court, the FRCA permits recovery for back pay, compensatory damages, attorney fees, and up to $100,000.00 in punitive damages. Fla. Stat. § 760.11(5). Plaintiff asserts a right to recover these damages. (Doc. 2).

I. Back Pay

Defendant argues back pay should be calculated through the date of trial and Plaintiff's efforts to mitigate damages through other employment should not be considered.

A. Mitigation Will Be Considered In Back Pay Calculation

In a declaration attached to Defendant's Notice of Removal, Kari W. Banks, a Complaint Resolution Consultant in the Legal Department of Wells Fargo Bank, N.A., declared that Wells Fargo hired three individuals in 2013 to fill positions sought by Plaintiff. (Doc. 1, Exhibit B). The annual salaries of these individuals in 2013 were $110,000.00, $118,500.00, and $102,500.00. (Doc. 1, Exhibit B). Defendant contends "if Plaintiff's backpay [sic] claim was based on even the lowest of these salaries, $102,500[.00] per year, calculated from January 2012 to the present, such claim easily exceeds the $75,000[.00] jurisdictional minimum alone." (Doc. 1). Plaintiff argues that Defendant's calculation of back pay is improperly inflated and does not include Plaintiff's mitigation of his damages. (Doc. 9). In a declaration attached to Plaintiff's Motion to Remand, Plaintiff Robert Ambridge declared that he received approximately $176,326.93 in compensation from other employers between the time his employment at Wells Fargo Bank, N.A., ended and the time of removal. (Doc. 9, Exhibit A). Plaintiff asserts that his back pay damages are reduced to approximately $68,000.00 after this mitigation. (Doc. 9).

Defendant argues mitigation should not be considered in the removal context. (Doc. 13). Defendant relies on two unpublished district court cases with similar reasoning to support its argument. (Doc. 13). Defendant largely relies on *Katz v. Apple Inc.*, No. 6:10-cv-1778-Orl-19KRS, 2011 WL 1103513 (M.D. Fla. Mar. 24, 2011). (Doc. 13). In *Katz*, the court looked only to the complaint and notice of removal, finding that an affidavit attached to the motion to remand was irrelevant. *Katz*, 2011 WL 1103513 at *2. The court further stated that "courts

cannot look past the complaint to the merits of a defense that has not yet been established." *Id.* (internal quotations omitted) (noting Plaintiff's failure to stipulate to a reduction of the back pay damages).

Contrary to the two cases relied on by Defendant, "most courts consider mitigation when calculating back pay if the plaintiff submits affidavits or other evidence specifying the amount of mitigation." *Fusco v. Victoria's Secret Stores, LLC,* 806 F. Supp. 2d 1240, 1243 (M.D. Fla. 2011); *see Moreland v. Suntrust Bank,* 981 F. Supp. 2d 1210, 1213 (M.D. Fla. 2013). Courts may consider post-removal evidence "if relevant to establish facts that existed at the time of removal." *Fusco,* 806 F. Supp. 2d at 1245; *see Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir. 2000). This includes evidence attached to a Plaintiff's Motion to Remand. *See, eg., Candelaria v. Toys "R" Us-Delaware, Inc.,* No. 8:14-cv-136-T-30TBM, 2014 WL 793350, at *2 (M.D. Fla. Feb. 27, 2014).

This Court is not persuaded by the two district court cases upon which Defendant relies. Consistent with the latter cases, mitigation will be considered, and back pay damages for the purpose of calculating the amount in controversy will be reduced by the amount of mitigation specified in Plaintiff's declaration.

**B. Back Pay Damages Will Be Calculated Through Date Of Removal**

Caselaw from different district courts within the Eleventh Circuit is unclear regarding the time frame for the calculation of back pay for purposes of showing whether the amount in controversy requirement is met. Some courts calculate back pay for the amount in controversy through the date of trial, estimating a trial date if one has not already been determined. *See Fusco,* 806 F. Supp. 2d at 1244; *see, e.g., Sheehan v. Westcare Foundation, Inc.,* No. 8:12-cv-2544-T-33TBM, 2013 WL 247143, at *2 (M.D. Fla. Jan. 23, 2013); *Cashman v. Host*

*International Inc.*, No.: 8:10-cv-1197-T-30MAP, 2010 WL 4659399, at *2 (M.D. Fla. Nov. 9, 2010).

Yet, some courts calculate back pay for the amount in controversy through the date of removal. *See, eg., Henderson v. Ricoh*, No.: 8:09-cv-2467-T-23TGW, 2009 WL 51775, at *2 (M.D. Fla. Dec. 22, 2009), *Snead v. AAR Mfg., Inc.*, No.: 8:09-cv-1733-T-30EAJ, 2009 WL 3242013, at *3 (M.D. Fla. Oct. 6, 2009), *Davis v. Tampa Ship, LLC*, No.: 8:14-cv-651-T-23MAP, 2014 WL 2441900, at *2 (M.D. Fla. May 30, 2014).

Many cases supporting back pay calculation to the date of trial for purposes of determining the amount in controversy rely on *Pretka*, which permits the court to use "deduction, inference, or other extrapolation" when determining whether the amount in controversy exceeds the jurisdictional minimum. 608 F.3d at 753; *see, e.g., Sheehan*, 2013 WL 247143, at *2; *Morgan v. Sears, Roebuck, and Co.*, No.: 8:12-cv-60055, 2012 WL 2523692 (S.D. Fla. June 29, 2012); *Cashman*, 2010 WL 4659399, at *2.

However, this Court is not persuaded that reasonable deductions can support calculating back pay through the date of trial. If calculated through the date of trial, the Court would be required to not only estimate a trial date, but also predict whether Plaintiff will or will not continue to mitigate his damages between the date of removal and that estimated trial date. These predictions would be too uncertain and based on the unknown, impermissibly formed from speculation, rather than evidence before the Court. For the purposes of this motion, the Court will calculate back pay through the date of removal to avoid impermissible speculation.

This Court agrees with Plaintiff's calculation of back pay damages. "Using the annual salary Defendant utilized in its removing papers for Plaintiff of $102,500.00, Plaintiff earned $1,971.15 per week x 124 weeks (January 1, 2012 termination date through May 22, 2014 date

of removal) = $244,423 total back pay losses - $176,326.93 in compensation earned from other employers = [approximately] $68,096.15." (Doc. 9, n. 1).

## II. Jurisdictional Minimum Is Likely Met By Plaintiff's Request For Additional Forms of Damages

After considering back pay damages, the amount in controversy falls short of the jurisdictional minimum by $6,903.86 ($75,000.00 - $68,096.15 = $6,903.86). Defendant asserts that even if this Court accepts Plaintiff's calculation of back pay damages, the additional forms of damages sought by the Plaintiff satisfy the difference. (Doc. 13). Plaintiff argues compensatory damages, punitive damages, and front pay are too speculative to meet Defendant's burden. (Doc. 6).

> Sometimes, when a plaintiff's allegations are viewed in light of the award factors, it will be clear that the jurisdictional minimum is likely met. In such circumstances, preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case. This rule would reward plaintiffs for employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant. *Pretka,* 608 F.3d at 766.

*Roe,* 613 F.3d at 1064.

Among other damages, Plaintiff seeks reinstatement, or in the alternative, front pay. (Doc. 2). "In order to truly make a successful plaintiff whole, he or she is further entitled to either reinstatement or to what has come to be known as front pay, that is, an amount of money awarded after trial in lieu of, or until, reinstatement." *Brochu v. City of Riviera Beach,* 304 F. 3d 1144, 1162 (11th Cir. 2002). Front pay is a form of equitable relief. *Id.* "The value of equitable relief 'for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff' if the requested relief is granted." *Brown v. American Exp. Co.,*

7

*Inc.*, No.: 09-61758-CIV, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10, 2010) (quoting *Leonard v. Enterprise Rent a Car*, 279 F. 3d 967, 973 (11th Cir. 2002)).

Defendant argues that front pay damages in an amount equivalent to the lowest annual comparable salary of $102,500.00 increases the amount in controversy above the jurisdictional minimum. (Doc. 13). Defendant presents various Eleventh Circuit cases to assert that one year of front pay is reasonable in employment discrimination cases. (Doc. 13). "[F]or purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases." *Schmidt v. Pantry, Inc.*, No.: 1:11-cv-228, 2012 WL 1313490, *3 (N.D. Fla. March 6, 2012); *see Simmons v. Washington Mutual Finance, Inc.*, No.: 8:06-CV-01613-JDW-TBM, 2007 WL 641101, at *1 (M.D. Fla. Feb. 26, 2007); *see, e.g., Brown v. Cunningham Lindsey U.S., Inc.*, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005).

Judicial experience, common sense, and the submitted evidence support a reasonable inference that Plaintiff's request for front pay more likely than not will exceed $6,903.86. *See generally, Roe*, 613 F. 3d 1058; *Pretka*, 608 F.3d 744.

The Court recognizes that Plaintiff requests additional damages in his Complaint that could factor into the amount in controversy; however, because the defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, the Court need not consider whether the compensatory damages, punitive damages, and attorneys fees would further increase the amount in controversy—the defendant met the requisite showing with back pay and front pay damages. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 10th day of September, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record.